## JAMES BROWN *vs.* JOHN B. NAGEL and wife.

### April 8, 1875.

**Action triable by Court—Waiver of Objection to Jury Trial.**—The decision in *Brown* v. *Lawler*, *ante*, p. 327, followed and approved.

**Executory usurious contract is invalid.**—Under the statute in force in this state, an executory contract for the payment of a greater rate of interest than twelve per cent. per annum, is invalid and cannot be enforced.

**Error without prejudice.**—An erroneous ruling upon an abstract proposition of law, when it is apparent no harm can result, will not avail as ground of error.

Action to foreclose a mortgage securing a promissory note made by defendant John B. Nagel, for the principal sum of

$448, with interest at 12 per cent. per annum, on which the plaintiff claimed to be due the sum of $801.56. Defence that the note was given upon a loan of $400, and that to the extent of $48, it was without consideration and void; and that defendant had made certain partial payments. At the trial in the district court for Scott county, *Chatfield*, J. instructed the jury that the first defence, if proved, was valid, *pro tanto*, and also gave the instruction set forth in the opinion, as to the application of the partial payments, etc. The jury found a verdict for plaintiff for $548; judgment of foreclosure was entered, and plaintiff appealed.

*L. M. & D. A. Brown*, for appellant.

*J. L. Macdonald*, for respondent.

CORNELL, J. The first point made by appellant is disposed of by the recent decision in the case of *Brown* v. *Lawler, ante*, p. 327. The whole issue of fact involved being one proper for the cognizance of a jury, the permitting of the jury to be sworn and impanelled, without objection, was equivalent to a consent that such issue should be so tried. Plaintiff, by his failure seasonably to interpose his claim, waived his right to insist upon a trial by the court alone.

2. No material issue is made upon the execution and delivery of the note and mortgage upon which suit is brought. The note was made by defendant John B. Nagel, dated December 28, 1867, payable to plaintiff or order, six months after date, for the sum of four hundred and forty-eight dollars, with interest at twelve per cent. per annum till paid. One of the partial defences interposed by the answer, and relied upon at the trial, was, that the sole consideration of the note was the receipt, by defendant, of four hundred dollars, loaned him by plaintiff at the time of giving the note, and that as to the forty-eight dollars excess of principal included in the note, the same was without consideration and void. No point is made in this court, upon this branch of the defence, nor was any question raised, or exception taken, as to the correctness of the ruling and instruction of the court in regard thereto, in its charge to the jury.

The other partial defence relied on, consisted of eight several payments alleged to have been made generally on said note, at different and irregular intervals, between July 19, 1868, and November 20, 1872, four of ten dollars each, one of twenty, one of thirty, one of fifty, and one of twenty-five dollars. Plaintiff, in his complaint, admits a payment of ten dollars, in July, 1868, but avers that, with this exception, no part of said note has ever been paid. On the trial, defendant introduced evidence tending to show the making of the said several payments, and the plaintiff introduced evidence, with the view of showing, and tending to show, that none of said sums so alleged to have been paid, except the first one of ten dollars indorsed on the note, the twenty dollars paid in September, 1869, and one of ten dollars paid on May 26, 1870, had in fact ever been paid to or received by him, for any purpose. There was no evidence whatever, nor claim on the part of the plaintiff, so far as the paper book or points disclose, of the existence of any agreement between the parties, or any direction by the defendant made or given at the times of these respective payments, or either of them, in respect to any particular application of them. Under these circumstances, no question could legitimately arise calling upon the court to instruct the jury in regard to the true rule applicable to the case of a voluntary payment of a given sum, as accrued interest, knowingly and intentionally paid as such, in excess of the legal rate ; and it is not apparent from the bill of exceptions before us that the counsel for the plaintiff claimed the applicability of any such rule in this case, or directed the attention of the court to it.

Plaintiff, however, did introduce evidence tending to show a unilateral promise on the part of the defendant, repeated at different times after the maturity of the note, but not at either of the times of any of the payments made, to the effect that defendant "would pay plaintiff $48 a year, as long as plaintiff would wait; that is, a year," in addition to the twelve per cent. annual interest stipulated in the note.

There is no evidence, however, tending to show any promise on the part of the plaintiff, agreeing to wait a year or any definite period of time, nor any consideration whatever for such promise of defendant.

On this state of facts, the court charged the jury as follows : " Our statute in regard to interest now reads this way : ' Interest for any legal indebtedness shall be at the rate of seven dollars upon one hundred dollars for a year, unless a different rate is contracted for in writing ; and all contracts shall bear the same rate of interest after they become due as before. But no contract for a greater rate of interest than twelve dollars upon one hundred dollars for a year shall be valid for the excess of interest over twelve per cent.' Now if it be true, (and such things are quite common, and I do not say that there is any particular dishonesty about it,) but if it is true that Mr. Nagel promised Mr. Brown to pay him $48 per year, over and above the interest which the note called for, during the time that he would wait, then, under that statute, the agreement would not be valid. It would be void." To the last paragraph the plaintiff excepted. The fair purport of the charge, taken in connection with the testimony, is that an executory contract for the payment of a greater rate of interest than twelve per cent. per annum, is invalid under our statute, and cannot be enforced, and as thus understood, it is unobjectionable. The question whether such contract is void or voidable, was irrelevant in this case, because there is no testimony tending to show that the debtor ever ratified it by making any payment under and in pursuance of it.

The appellant makes the further point that the court erred in charging the jury, in effect, that money paid by the defendant, on a contract for an extension of the time of payment, could be recalled, and applied as payment upon the note itself, or the interest thereon. We have carefully examined those portions of the charge excepted to, and do not deem them, alone or in connection with the whole charge as given, fairly liable to any such construction as is

placed upon them by this point. But if the court had given any such instruction in its charge, it could not avail the plaintiff as error, because there are no facts in the case making it relevant, and it is apparent that plaintiff could not have been prejudiced thereby. An erroneous ruling upon an abstract proposition of law, where it is apparent no harm or prejudice can result, will not avail as ground of error.

The judgment appealed from is affirmed, costs of appeal, however, to be awarded to respondent.